JOHANNA NALLY v. JOHN MALEY.[1]

Nov. 11, 1895.

Nos. 9400—(22).

**Highway—Laying Out.**

> Evidence *held* insufficient to prove the laying out of a highway under the statute.

Appeal by plaintiff from an order of the district court for Sibley county, Cadwell, J., denying a motion for a new trial.   Reversed.

*W. H. Leehman* and *Stevens, O'Brien, Cole & Albrecht*, for appellant.
*Ed. H. Huebner* and *James McHale*, for respondent.

MITCHELL, J.   Action for trespass upon real property.   The allegations of the complaint are that plaintiff was the owner of a quarter section, and that defendant unlawfully entered upon it with a team and wagon to plaintiff's damage one dollar.   The answer was that the locus in quo was a public highway.

It was conceded on the trial, and the court so instructed the jury, that there was a public highway across plaintiff's land, the only controversy being whether the locus of the alleged trespass was within or without its boundaries.   The court further instructed the jury, in substance, that, if the public right of way across plaintiff's land was acquired merely by either common-law dedication or by user, there was no evidence that the place of the alleged trespass was any part of the highway.   Therefore, in order to establish his defense, it was incumbent on defendant to prove that a public road, four rods wide, had been laid out in the manner prescribed by the statute, and that the place of the alleged trespass was within the limits of such road.   These rulings of the court were not excepted to on the trial, and their correctness is not challenged here.   The court then left it to the jury to determine whether a road had been laid out according to statute, and, if so, whether the place of the alleged trespass was within its boundaries.   He also instructed them that, if they found both of these questions in the affirmative, their verdict must

[1] Reported in 64 N. W. 927.

be for the defendant, but otherwise for the plaintiff. The verdict was for the defendant.

The only question that we find it necessary to consider is whether there was evidence sufficient to justify the jury in finding that a highway had been laid out according to the statute. As the court said to the jury, there were practically no records in existence showing the laying out of a highway or its location. An attempt was made to prove it by secondary evidence, it being claimed that the records had been lost. An examination of the record satisfies us that the evidence was wholly insufficient to prove the laying out of a highway under the statute, or, if laid out, that it included the locus of the alleged trespass. Most of the evidence that was introduced had reference to the attempt to lay out a road in 1867; but this was of no materiality, because, as we understand it, it is not claimed that the road then attempted to be laid out included the place of the trespass. The claim is that this was effected by a change of location made in 1868. But as to what was done to effect this change, or how or where it altered the original road, the evidence is of altogether too indefinite and uncertain a character upon which to base any conclusion.

An attempt is made to sustain the proceedings on the ground that the then owner of the land accepted the damages awarded him, and that, therefore, he and those in privity with him are estopped from asserting that the road was not lawfully laid out. The evidence that the owner ever did accept damages, and, if so, for what, is wholly insufficient.

The damages claimed are merely nominal; and we fail to see that the result of the litigation will have much, if any, tendency to settle definitely the only question of any sort of importance, to wit, the location and boundaries of this highway. It is therefore with regret that we feel compelled to reverse.

Order reversed, and new trial granted, but without statutory costs to plaintiff.